IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Clenton Wright, Jr., | ) |
| Plaintiff, | ) Civil Action No. 7:12-cv-00553-MGL-JDA |
| vs. | ) **REPORT AND RECOMMENDATION** |
| AFL Telecommunications, | ) **OF MAGISTRATE JUDGE** |
| Defendant. | ) |

This matter is before the Court on Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 22.] Plaintiff, who is proceeding pro se, alleges a sex discrimination claim and a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Pursuant to the provisions of Title 28, U.S.C. § 636 (b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

Plaintiff filed this action on February 27, 2012 against Defendant, his former employer. [Doc. 1.] Plaintiff alleges he was discriminated against based on sex (male) and retaliated against when he was terminated from his employment on September 16, 2010. [Doc. 1-2 at 1.] Plaintiff states that the reason given for his discharge was his allegedly threatening behavior toward his supervisor, Marvin Blanton ("Blanton"), during a meeting the previous day. [*Id.*]

Plaintiff begins his Complaint by explaining a reprimand he received over one year prior to his discharge. On April 7, 2009 Plaintiff was issued a written warning by Blanton because of a false allegation made by a fellow female employee and two other people. [Doc. 1 at 4.] It was alleged that Plaintiff was following the female employee home from work and riding by her house. [*Id.*] The Complaint states that the female employee later withdrew her allegation, but Plaintiff was nevertheless written up for using the term "the girl" during the disciplinary meeting. [*Id.*] Plaintiff states that he was being reprimanded for reasons known to be false. [*Id.*] About a month later Blanton told Plaintiff that the female employee was no longer with the company. [*Id.*]

The Complaint states that Plaintiff continued to do his job for the next 15 months. [*Id.*] On September 15, 2010, just after clocking in, Plaintiff was called to a meeting with Blanton and Caroline Trawick, a representative from the Employee Assistance Program ("EAP"). [*Id.*] Plaintiff asked if he had done something wrong or if there was something wrong with his work. [*Id.*] Blanton replied, "No." [*Id.*] Plaintiff then started asking questions about the false allegations of the previous year. [Doc. 1 at 4.] Plaintiff states that during the meeting he "did 'tap' his finger on the table while stating that [he] felt like they were trying to attack [him] and his family's wellbeing [sic]." [*Id.*] Blanton stated that the finger tapping was a threatening gesture, and Plaintiff replied that he was not threatening anyone. [*Id.*] Blanton ended the meeting and Plaintiff was told to go home. [*Id.*] The next day he received a phone call from AFL company officials Ric Featherstone ("Featherstone") and Sherise Brown ("Brown") informing him that he was released from employment due to the conversation with Blanton. [*Id.*] That evening, two local police officers came to Plaintiff's

house concerning a Trespassing Notice obtained by AFL on September 16. [Doc. 1 at 4–5; *see* Doc. 1-3 at 1.]

The Complaint states that in the months after his discharge Plaintiff heard reports of false allegations being made about him and was told the Duncan Police Department was patrolling AFL because of him. [Doc. 1 at 5.] He filed Freedom of Information Act ("FOIA") requests with the county sheriff's office and city police department. [*Id.*] On April 28, 2011 Plaintiff received a copy of an incident report from the Duncan Police Department. [*Id.*; Doc. 1-3 at 2.] The incident report is dated September 15, 2010 and states that an officer was called to AFL on that date and talked with Featherstone. [Doc. 1-3 at 2]. Featherstone reported that the company recently had issues with Plaintiff concerning tardiness and cooperation. [*Id.*] Additionally, Featherstone had been told by an employee that Plaintiff had made several threatening statements about members of upper management. [*Id.*] Featherstone recognized that the allegations came from a third party, but he expressed concern for the welfare of his other employees. [*Id.*] Featherstone wanted to speak with Plaintiff while the officer remained on the scene. [*Id.*]

Plaintiff believed that the allegations in the police incident report were false. [Doc. 1 at 5.] Plaintiff states that because the status of the police incident report was "active," he tried to get a supplemental report from the local police. [*Id.*] He made a final FOIA request in person on October 18, 2011, but the request was denied by the police chief. [*Id.*]

According to the Complaint, on November 2, 2011 Plaintiff called the EEOC and was told that his situation would go down as a hostile work environment. [*Id.*] Plaintiff filed his EEOC charge on November 28, 2011 alleging the following: he had been employed with AFL since 2004; he performed at a standard level; he was terminated on September 16,

2010; the reason given for the discharge was his allegedly threatening behavior during a conversation with Blanton; and he had been discriminated against based on sex (male) and retaliated against. [Doc. 1-2 at 1.] The following day the EEOC mailed to Plaintiff a Dismissal and Notice of Rights, stating the EEOC charge was being closed because the charge was not timely filed. [Doc. 1-1 at 1.] Plaintiff was informed that he had 90 days in which to file suit based on that charge [*Id.*], and he filed his Complaint on February 27, 2012, within the 90-day period [Doc. 1].

Plaintiff seeks the following relief: his employment status changed from "terminated" to "laid-off"; the reason for termination put in writing; the publication of an apology in local newspapers; full family medical insurance coverage until age 65; and monetary damages in the amount of $11,000,000. [*Id.* at 7.]

On April 17, 2012 Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 22.] By order of this Court filed April 19, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to respond adequately to Defendant's motion. [Doc. 24.] Plaintiff filed a response in opposition to the motion to dismiss on May 21, 2012 [Doc. 26], and Defendant filed a reply on June 1, 2012 [Doc. 32]. Defendant's motion is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*,

4

574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal.  *Id.* at 520–21.  As this Court recently noted, "The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Brown v. S.C. Sch. for the Deaf & Blind,* No. 7:11-cv-1111, 2012 WL 1161415, at *2 (D.S.C. Mar. 14, 2012), *adopted*, No. 7:11-cv-1111, 2012 WL 1158869, at *1 (D.S.C. Apr. 9, 2012) (*citing Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  In addition to the complaint, the court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and

5

authentic." *Sec'y of State for Def., v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir 2007) (citing Fed. R. Civ. P. 10(c)).[1]

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

---

[1]Plaintiff attached the following documents to his Complaint which the Court has considered in construing Plaintiff's allegations: the EEOC right-to-sue letter [Doc. 1-1]; Plaintiff's EEOC Charge [Doc. 1-2]; and a Duncan Police Department Trespass Notice and Incident Report [Doc. 1-3]. These documents are integral to the Complaint and appear to be authentic.

**DISCUSSION**

**Filing of EEOC Charge**

Defendant argues Plaintiff cannot prevail on his Title VII sex discrimination and retaliation claims because he failed to file a timely charge with the EEOC. [Doc. 22-1 at 3–5]. The Court agrees.[2]

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citing *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)). Because South Carolina law proscribes the alleged employment practice and the charge is initially filed with a state deferral agency, in South Carolina the charge must be filed within 300 days after the "alleged unlawful employment practice" occurred.[3] 42 U.S.C. § 2000e-5(c), (e); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "This statutory prerequisite [of filing a timely charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which

---

[2]Defendant makes the additional argument that, even if Plaintiff's EEOC charge had been timely filed, Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) because he does not allege any facts tending to show a plausible entitlement to relief under Title VII. [Doc. 22-1 at 5–6]. The Court agrees. The conclusory statement in his EEOC charge ("I believe I have been discriminated against based on sex, Male, and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended" [Doc. 1-2 at 1]) is the only statement in any of the documents Plaintiff has filed with his Complaint or his response to Defendant's motion to dismiss that mentions sex discrimination, retaliation, or Title VII. Plaintiff failed to plead any facts that would suggest his termination was tainted by sex discrimination or retaliation for protected activity. Because Plaintiff's Complaint is devoid of "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" it must dismissed under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[3]"Title VII establishes two possible limitation periods for filing a discrimination charge with the EEOC. 'The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency.'" *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2010) (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998) (internal citation omitted)). "[I]n a deferral state such as South Carolina, a charge of discrimination must be filed . . . within 300 days of the alleged discrimination." *Woodward v. UPS*, 306 F. Supp. 2d 567, 571 (D.S.C. 2004).

occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.'" *Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (quoting *United Air Lines v. Evans*, 431 U.S. 553, 558, (1977)). The failure to file a timely charge with the EEOC bars the claim in federal court. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994). However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Plaintiff alleges he was discriminated and retaliated against when he was terminated from his employment on September 16, 2010. [Doc. 1-2 at 1.] Therefore, Plaintiff had until July 13, 2011 to file an EEOC charge within the 300-day period. However, Plaintiff did not file his charge until November 28, 2011. [*Id.*] Accordingly, Plaintiff's Title VII claims are time barred.

**Equitable Tolling**

Plaintiff acknowledges that his EEOC charge was not filed within 300 days of his termination. [Doc. 26 at 2.] Construing Plaintiff's pleadings liberally, however, as the Court is required to do, Plaintiff appears to argue that equitable tolling should apply because he did not obtain a copy of the police report until April 28, 2011[4] and he could not obtain a copy

---

[4]Plaintiff actually argues that because he filed his EEOC charge within 300 days of receiving the police incident report, his charge should be deemed timely. [Doc. 26 at 2.] However, it is clear that the 300-day period runs from the date of the alleged unlawful employment practice, which in this case is his termination date. 42 U.S.C. § 2000e-5(e).

8

of his personnel file.[5] [*See* Doc. 26.] Even viewing these assertions in the light most favorable to the Plaintiff, the Court can find no basis to toll the statutory deadline.

The Supreme Court has advised that the doctrine of equitable tolling is to be applied sparingly in employment cases. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (citing *Baldwin Cnty Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). In the employment context, courts have held "equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (citations omitted).

Plaintiff cannot meet these requirements. First, Plaintiff did not pursue his rights diligently. He obtained a copy of the incident report on April 28, 2011, over two months before the expiration of the 300-day period on July 13. Had he been diligent, he could have filed a timely EEOC charge with full knowledge of the contents of the incident report.[6] With regard to the personnel file, Plaintiff knew as of June 1—over one month before expiration of the limitations period—that further pursuit of his personnel file was futile. Second, the

---

[5]Plaintiff tried to obtain a copy of his AFL personnel file. [Doc. 26 at 1.] On March 13 and May 22, 2011 he wrote letters to two company officials requesting a copy. [Doc. 26 at 1; Doc. 26-1; Doc. 26-2.] By letter dated June 1, 2011 Plaintiff was informed by Brown, AFL's director of human resources, that the company did not allow current or former employees to have copies of their personnel files. [Doc. 26-3.]

[6]Plaintiff alleges he attempted to obtain a supplemental police report on October 18, 2011 but was denied. [Doc. 1 at 5.] Shortly thereafter, he filed his EEOC charge. [*See* Doc. 1-2]. The Court finds that the possible existence of a supplemental report does not justify tolling the filing period because such a report would only concern events occurring after Plaintiff's termination.

9

Court can find no basis for holding that Defendant attempted to mislead the Plaintiff in order to conceal a possible cause of action. Plaintiff has not alleged that his personnel file might reveal evidence of sex discrimination or retaliation. Rather, he merely asserts that the file would prove that the accusations in the incident report were false and not investigated. [Doc. 26 at 3.] Equitable tolling is an extraordinary remedy which requires a finding that the defendant's wrongful actions should relieve the plaintiff from the effects of a statutory deadline. *See English*, 828 F.2d 1047, 1051 (4th Cir. 1987). The Plaintiff's allegations in this case do not support this extraordinary remedy.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

September 19, 2012
Greenville, South Carolina